## LAS VEGAS METROPOLITAN POLICE DEPARTMENT, APPELLANT, v. RONALD R. MOYES, RESPONDENT.

No. 20204

April 19, 1990                          790 P.2d 999

*Rex A. Bell,* District Attorney, and *Mary-Anne Miller,* Deputy District Attorney, Clark County, for Appellant.

*Greenman, Goldberg & Raby,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On November 11, 1988, respondent Ronald R. Moyes, a sergeant with the Las Vegas Metropolitan Police Department (the Department), failed to respond to several attempts by his co-workers to contact him while he was working his shift. After an investigation, the Department suspended Moyes for forty hours. Prior to this incident, the Department received several

complaints about Moyes' supervising abilities. On November 14, 1988, the Department assigned Moyes to another shift where he could be more closely directed in his supervisory duties.

On November 22, 1988, Moyes filed two separate grievances requesting separate remedies. In his first grievance, Moyes requested a transfer back to the day shift with Friday, Saturday, and Sunday off. In Moyes' second grievance, he requested reversal of the forty-hour suspension.

On December 12, 1988, the Department denied both of Moyes' grievances. On December 22, 1988, Moyes filed a "Notice of Appeal," which stated in pertinent part: "this appeal is based on an earlier violation of the labor agreement concerning seniority as it relates to scheduled days off." Although the Civil Service Rules do not have a provision for amending a notice of appeal, on January 6, 1989, Moyes filed an "Amended Notice of Appeal." In this amended notice, Moyes stated that "this appeal is based on an earlier violation of the labor agreement concerning seniority as it relates to scheduled days off and *disciplinary action taken against him* [Moyes]." (Emphasis added.)

On February 15, 1989, at the appeal hearing, the Civil Service Board (the Board) refused to allow Moyes to introduce evidence regarding the forty-hour suspension. Moyes then filed a petition for writ of mandamus in the district court to compel the Board to hear both grievances.[1] On May 16, 1989, the district court granted Moyes' petition and ordered the Board to hear the merits of Moyes' appeal from the Department's denial of both grievances. This appeal from the district court's decision followed.

The Department first contends that the district court erred because Moyes never filed a notice of appeal from the Department's denial of his grievance regarding the forty-hour suspension. We disagree.

Initially, we note that when a decision of an administrative body is challenged, the function of this court is identical to that of the district court, that is, to review the evidence presented to the administrative agency and ascertain whether the agency arbitrarily or capriciously abused its discretion. Gandy v. State ex rel. Div. Investigation, 96 Nev. 281, 282, 607 P.2d 581, 582 (1980); NRS 233B.140. In the proceedings before the Board, the Department alluded to the communication problem, part of the basis of Moyes' suspension.[2] Furthermore, during the same proceeding

---

[1]The Civil Service Board was named as respondent, and the Department then intervened in the action.

Moyes claimed that he was transferred due to "disciplinary reasons." We also note that Moyes' amendment to the notice of appeal specifically referred to his suspension. Under these circumstances, the two grievances were necessarily interrelated in time and subject matter. Accordingly, we conclude that the district court correctly determined that the Board acted arbitrarily and capriciously, thus abusing its discretion by refusing to hear both of the matters in a single proceeding.

The Department next asserts that Moyes abandoned his right to appeal the forty-hour suspension by his failure to follow the applicable Civil Service Rules. The Department relies on Civil Service Board Rule 1040.3, which provides in pertinent part that "[a]ll notices and complaints shall specify with particularity the matters and things in issue and shall not include charges or implied charges phrased generally or in the words of the Rules." This contention lacks merit.

Rule 1040.3 does not prohibit amendments. Nor is there any evidence that the City Council intended this Rule to prohibit amendments to grievances. Under these circumstances, we conclude that Moyes' amendment was permissible.

The Department further contends that it was materially misled by Moyes' failure to properly designate the issues on appeal, because it prepared its case without including the suspension issue. The Department asserts that since the Board acted within its discretion in determining that Moyes had not perfected his appeal on the suspension issue, the district court erred in mandating a different decision. *See, e.g.,* Houston Gen. Ins. Co. v. District Court, 94 Nev. 247, 578 P.2d 750 (1978). We disagree.

In Forman v. Eagle Thrifty Drugs & Market, 89 Nev. 533, 536, 516 P.2d 1234, 1236 (1973), this court noted that a defective notice of appeal should not warrant dismissal where the intention to appeal from a specific judgment may be reasonably inferred from the text of the notice and where the defect has not materially misled the respondent.[3] Assuming *arguendo* that Moyes' notice was defective, Moyes' intention to appeal is evident from the text of his amended notice of appeal. The notice specifically refers to the disciplinary action. *See Forman,* 89 Nev. at 536, 516 P.2d at

---

[2]This occurred during the receivability hearing, where the Civil Service Board determined that there is a factual dispute warranting an appeals hearing.

[3]The *Forman* court reasoned that "the filing of a simple notice of appeal was intended to take the place of more complicated procedures to obtain review and the notice should not be used as a technical trap for the unwary draftsman." *Id.* at 536, 516 P.2d at 1236.

1236. Additionally, we conclude that the Department was not misled. The Department received Moyes' amended complaint approximately two weeks before the appeal hearing. As discussed earlier, Moyes raised the suspension issue during the initial proceeding before the Board, over three weeks prior to the appeal hearing. Therefore, the Department had ample time to address the suspension issue.

Accordingly, we affirm the order of the district court directing the Civil Service Board to hear both grievance appeals in one hearing.