RICHARD G. BARROWS, Petitioner, v. THE SEVENTH JUDICIAL DISTRICT COURT of the State of Nevada, in and for the County of White Pine, and THE HONORABLE RICHARD A. WAGNER, District Judge, Respondents, and ILMA BLACKMORE, PATRICIA A. DORY, LORINE JEWETT, GEORGIA STEVENS and ARTHUR HEXEM, DONNA BATH, in Her Capacity as Clerk of the Board of County Commissioners of White Pine County, JULIO COSTELLO, BRENT ELDRIDGE, WAYNE CAMERON, CLAUDE ROSE, and JOHN CHACHAS, in Their Capacities as the Commissioners of White Pine County, Real Parties in Interest.

No. 27160

DONNA BATH in Her Capacity as Clerk of the Board of County Commissioners of White Pine County, JULIO COSTELLO, BRENT ELDRIDGE, WAYNE CAMERON, CLAUDE ROSE, JOHN CHACHAS, in Their Capacities as the Commissioners of White Pine County, Appellants, v. ILMA BLACKMORE, PATRICIA A. DORY, LORINE JEWETT, GEORGIA STEVENS, and ARTHUR HEXEM, Respondents.

No. 27174

April 3, 1996                                    913 P.2d 1296

[Rehearing denied July 30, 1996]

*Wilson & Barrows,* Elko; *Goicoechea & DiGrazia, Ltd.,* Elko, for Petitioner, (Docket 27160).

*John M. Hanford,* District Attorney and *Steve L. Dobrescu,* Deputy District Attorney, White Pine County, for Respondents (Docket 27160) and Appellants (Docket 27174).

*Marshall Hill Cassas & deLipkau* and *Rew R. Goodenow,* Reno, for Real Parties in Interest (Docket 27160) and Respondents (Docket 27174).

## OPINION

*Per Curiam:*

In 1993, appellants, members of the White Pine County Board of County Commissioners, enacted Ordinance No. 285, Bill No. 4-21-93, which created a regional landfill and imposed a tax to

fund it. Over one year later,[1] respondents, a group of White Pine County citizens, circulated a referendum petition calling for a repeal of the ordinance and a refund of the taxes collected pursuant to the ordinance. The referendum was presented to the Board, and the Board voted not to submit the referendum to the voters on the sole ground that the ordinance was administrative rather than legislative in nature and thus not subject to repeal by referendum. *See* Forman v. Eagle Thrifty Drugs & Markets, 89 Nev. 533, 537, 516 P.2d 1234, 1236 (1973).

Respondents then filed a Petition for Writ of Mandamus in the district court asking that the referendum be placed on the November 1994 ballot. The district court found that the ordinance was administrative in nature and, therefore, denied the petition.[2] The respondents did not appeal, but instead sought an original writ of mandamus from this court, which we granted. Blackmore v. Bath, Docket No. 26214 (Order Granting Petition for Writ of Mandamus, October 13, 1994). This court ordered that respondents' referendum petition be placed on the November 1994 ballot.[3] *Id.*

This court issued the writ on October 13, 1994, and the ballots were scheduled to be printed the next day. This required appellants to draft the ballot question and present it to the printer by 2:00 p.m. on October 14, 1994. Petitioner Richard Barrows, Esq., who was acting as special counsel for the county,[4] drafted the language in the ballot question to conform with the language in NRS 295.045(4) (petition for referendum) and NRS 295.170(1) (form of question on ballot). Barrows deleted the

---

[1] "Respondents" in this opinion refers to the respondents in the appeal, not the petition.

[2] Appellants and the district court were of the opinion that because the county ordinance was adopted in response to federally mandated guidelines for solid waste disposal and state statutes mandating the creation of county solid waste disposal management systems, the ordinance "'simply puts into execution'" those previously-declared policies. *Forman*, 89 Nev. at 537, 516 P.2d at 1236 (quoting Denman v. Quinn, 116 S.W.2d 783, 786 (Tex. Civ. App. 1938)).

[3] Notably, this court found it "unwise and unnecessary" to resolve whether the ordinance is administrative or legislative in nature. Blackmore v. Bath, Docket No. 26214 (Order Granting Petition for Writ of Mandamus, October 13, 1994). We simply believed it important that the voters be allowed to express their opinion on the county's solid waste policies at the November 1994 election by having the referendum placed on the ballot. *Id.* Significantly, we went on to state that if the referendum was approved by the voters, appellants would still have an effective remedy in the form of a legal action similar to the action entertained in *Forman*. *Id.*

[4] The district attorney would normally represent the appellants, but she disqualified her office from representing appellants on the landfill referendum matter because of a conflict of interest.

language in the referendum petition regarding the refund of taxes collected because he believed such language was inappropriate in a referendum under the applicable statutes. Thus, the ballot question merely asked voters whether the ordinance should be repealed.[5]

The voters approved the referendum calling for a repeal of the ordinance. Respondents thereafter filed a motion to enforce this court's writ in district court, seeking a refund of all taxes[6] collected pursuant to the ordinance and a finding that appellants were in contempt for not including the tax refund language on the ballot.

After an extensive hearing on the matter, the district court found that appellants violated the writ by failing to put the tax refund language on the ballot and ordered appellants to refund all the taxes collected pursuant to the ordinance[7] or to hold a special election funded by the individual board members and their counsel, Mr. Barrows.

On appeal from the order, appellants claim that they complied with this court's writ of mandamus, their noncompliance was not

---

[5]The question circulated on the referendum petition read as follows:

Shall White Pine County Ordinance # 285, Bill # 4-21-93, commonly known as the "Landfill Tax" be repealed, and all taxes collected for that purpose be returned to the taxpayers?

The actual wording of the ballot question, as drafted by Barrows, was as follows:

Shall White Pine County Ordinance No. 285, Bill No. 4-21-93, which created the Copper Flat Regional Solid Waste Disposal Facility, be repealed?

[6]According to the affidavit of Doris Niman, Chief Deputy Treasurer for White Pine County, total revenues received pursuant to the "Landfill Tax" for fiscal year 1993-94 were $560,295.00. Total revenues received pursuant to the tax for fiscal year 1994-95 were as follows:

| | |
|---|---|
| First quarter: | $239,654.50 |
| Second quarter: | $ 85,723.00 |
| Third quarter: | $137,153.50 |
| Fourth quarter: | $ 92,736.25 |
| TOTAL: | $555,267.25 |

Niman states that, except for approximately $55,000.00, all landfill assessments for the second, third and fourth quarter of fiscal year 1994-95, have been refunded pursuant to a directive of the White Pine County Board of County Commissioners.

[7]Specifically, the court ordered appellants to do the following:

[R]efund *all* taxes collected pursuant to Ordinance No. 285, from the date of its repeal and all taxes collected after its enactment which were either (a) still held by the County on the date of repeal or (b) spent or disbursed for purposes other than as set forth in the Landfill ordinance
. . . .

wilful even if they did not comply, and the district court lacked authority to grant the relief it ordered.

Barrows was not a party to the lawsuit in district court. Thus, Barrows cannot appeal from the order. Accordingly, Barrows asks this court to grant a writ of certiorari or a writ of prohibition to vacate that portion of the order affecting him or to prohibit enforcement of the order against him.

We conclude that the district court acted without jurisdiction and exceeded its authority in its order enforcing the writ of mandamus that this court issued. First, the district court lacked jurisdiction to enforce this court's writ of mandamus. The petition for writ of mandamus was filed originally in this court, and only this court has jurisdiction over subsequent enforcement issues. *See* California Teachers Ass'n v. Governing Board of Simi Valley, 207 Cal. Rptr. 659, 662 (Ct. App. 1984); City of Carmel-By-The-Sea v. Monterey County, 187 Cal. Rptr. 379, 384 (Ct. App. 1982). Second, even if the district court had jurisdiction to enforce the writ, the court was not authorized to grant the relief it ordered. NRS 34.290 specifically delineates the penalties for refusal or neglect to obey a writ. Initially, a court is to "adjudge the party guilty of contempt and upon motion impose a fine not exceeding $1,000." NRS 34.290(1). Only when the guilty party persistently refuses to obey the writ may a court make any "orders necessary and proper for the complete enforcement of the writ." NRS 34.290(2). All these other "sanctions" are held in abeyance until and unless the $1,000 fine does not induce the fined party to comply with the writ.[8] Appellants and petitioner Barrows did not persistently refuse to obey this court's writ and, therefore, the alternative "sanctions" ordered by the district court were in excess of its authority under NRS 34.290.

[Headnote 3]

Based on the foregoing, we need not reach the merits of whether the district court erred in determining that appellants failed to comply with this court's writ of mandamus by failing to include the tax refund language on the ballot. Such a determination is unnecessary in any event. Regardless of whether the tax refund language was on the ballot, we believe that when the voters approved the referendum repealing the landfill ordinance, it was incumbent upon appellants to refund all taxes collected pursuant to the ordinance automatically. The refund applies to all

[8]The district court's ordering of a special election also violates NRS 295.115(2): "The vote of the county on a proposed or referred ordinance *must be held at the next primary or general election.*" (Emphasis added.)

taxes collected pursuant to the ordinance after its enactment that were either (1) still held by the county on the date of repeal or (2) spent or disbursed for purposes other than as set forth in the landfill ordinance. We note that refunding the taxes is one of the alternative "sanctions" that the district court imposed on appellants. However, characterizing the refund of these taxes as a sanction is improper. Appellants have a duty to refund these taxes not on account of the district court's order but due to the very fact that the ordinance was repealed. Considering that this matter has now been clarified for appellants, appellants must refund all taxes accordingly.

Because the district lacked jurisdiction and exceeded its authority in enforcing this court's writ of mandamus, we reverse the district court's order. We also grant the petition. The clerk of this court shall forthwith issue a writ of prohibition preventing the district court from enforcing its order against petitioner Barrows.[9]

_____

[9]The writ of prohibition shall be granted to arrest the proceedings of an inferior court when such proceedings are without or in excess of the court's jurisdiction and there is no plain, speedy and adequate remedy in law. NRS 34.320; NRS 34.330. Barrows has no other way to contest the district court's order than through this extraordinary procedure. As a non-party, Barrows cannot appeal from the order and there is no other plain, speedy or adequate remedy in law available to him. Therefore, because the district court acted without jurisdiction and exceeded its authority in entering its order against Barrows, a writ of prohibition is in order.