*769
 
 OPINION
 

 Per Curiam:
 

 Appellant Eller Media Company, f/k/a DR Partners d/b/a Donrey Outdoor Advertising Company, petitioned for a writ of mandamus to compel the City Clerk for the respondent City of Reno to remove from the November 2000 general election ballot an initiative petition submitted by respondent Citizens for a Scenic Reno. The proposed initiative sought to prohibit the City of Reno from issuing permits for the construction of new off-premise advertising displays/billboards. The district court denied Eller Media’s application for a writ of mandamus, and subsequently, the initiative was passed during the 2000 general election. On appeal, Eller Media argues that the district court erred because: (1) the City Clerk failed to comply with the statutory provisions requiring him to conduct random sampling of initiative petition signatures for verification; and (2) the subject of the proposed initiative was administrative, and thus, an improper matter for an initiative petition. We conclude that Eller Media’s arguments are without merit, and therefore, the district court’s order should be affirmed.
 

 FACTS
 

 On March 29, 2000, Citizens for a Scenic Reno (“Citizens”) filed a “Notice of Intent: Initiative Petition Affidavit” with the City Clerk for the City of Reno pursuant to NRS 295.205,
 
 [1]
 
 indicating their intent to submit the following initiative to the voters at the next general election:
 

 THE PEOPLE OF THE CITY OF RENO DO ENACT AS FOLLOWS: Initiative Petition: The construction of new off-premise advertising displays/billboards is prohibited, and the City of Reno may not issue permits for their construction.
 

 Thereafter, Citizens circulated the initiative petition, collecting approximately 9,525 signatures, and submitted the completed initiative petition to the City Clerk’s office. The City Clerk forwarded the initiative petition to the Washoe County Registrar of Voters, indicating that the City Clerk had performed a “raw count” of the signatures to verify that the initiative petition contained the minimum required by NRS 295.205(2). The City Clerk
 
 *770
 
 requested that the Registrar conduct random sampling for verification of the signatures on the initiative petition. After completing a random validation of the signatures, the Registrar sent a “certificate of sufficiency” to the Mayor and City Council of Reno, stating that he found the petition sufficient pursuant to NRS 295.210. Eller Media argues that the City Clerk’s obligation to verify the signatures by conducting a random sampling is a non-delegable duty.
 

 Eller Media filed a complaint against the City of Reno and Citizens alleging that the City Clerk’s certification of the initiative petition was insufficient and further that the initiative ordinance was not a proper subject for initiative. The complaint sought a writ of mandamus compelling the City of Reno to remove the initiative from the ballot for the November 2000 general election. Following a hearing on the matter, the district court concluded that the City of Reno had substantially complied with the statutory certification requirements for initiative petitions. Additionally, the district court concluded that the initiative petition sought to establish new public policy within the city, and therefore, the billboard ordinance was a proper subject for initiative. On appeal, Eller Media asserts that the City Clerk improperly delegated to the Washoe County Registrar of Voters his duty to verify the signatures on the initiative petition in contravention of NRS 295.210(2). At the time in question,
 
 [2]
 
 NRS 295.210 stated, in pertinent part, that ‘ ‘the city clerk must examine the signatures by sampling them randomly for verification.”
 

 “When the language of a statute is plain and unambiguous, a court should give that language its ordinary meaning and not go beyond it.”
 
 [3]
 
 However, when more than one interpretation of a statute can reasonably be drawn from its language, it is ambiguous and the plain meaning rule has no application.
 
 [4]
 
 The entire subject matter of and the policy behind a statute may aid in its interpretation, and statutes should always be construed so as to avoid absurd or unreasonable results.
 
 [5]
 

 We conclude that the district court did not err when it found that the City Clerk had substantially complied with NRS 295.210
 
 *771
 
 because, while NRS 295.210(2) requires the City Clerk to ‘ ‘examine the signatures by sampling them randomly for verification,’ ’ it contains no language requiring the City Clerk to personally examine the signatures or prohibiting him from delegating that duty to the County Registrar of Voters. Eller Media’s narrow interpretation of the statute is unreasonable. Moreover, it conflicts with NRS 277.180, which permits interlocal contracts between public agencies for the performance of governmental services. Here, the City of Reno and Washoe County had entered into an interlocal agreement, whereby the County Registrar agreed to be responsible for the performance of all acts and functions necessary to conduct efficient elections. Additionally, NRS 293.127 requires that NRS Title 24, which includes NRS 295.210, be liberally construed to ensure that the real will of the electors is not defeated by informality or failure to substantially comply with the provisions of the title.
 

 Second, Eller Media asserts that the prohibition of off-premise billboards is not the proper subject of an initiative petition because it is administrative in character. Citing our decision in
 
 Forman
 
 v.
 
 Eagle Thrifty Drugs & Markets,
 

 [6]
 

 Eller Media argues that the initiative was administrative in character because the City of Reno had already adopted a comprehensive zoning plan, which includes regulations of off-premise advertising. Additionally, Eller Media argues that the initiative was invalid because it attempted to initiate rezoning in the City of Reno outside of the zoning statute requirements in NRS Chapter 278.
 

 While portions of our original holding in
 
 Forman
 
 may be read to support Eller Media’s contentions, we recently reexamined
 
 Forman
 
 in
 
 Garvin v. District Court.
 

 [7]
 

 In
 
 Garvin,
 
 we overruled
 
 Forman
 
 to the extent it held that: (1) the initiative power does not extend to the zoning processes of counties and cities, or other matters legislatively delegated to local governments; (2) due process requirements of notice and hearing apply to general zoning legislation by initiative; and (3) all changes to established zoning policies are administrative in nature.
 
 [8]
 
 Despite the limitations placed on
 
 Forman, Garvin
 
 reaffirmed the central test that
 
 Forman
 
 enunciated for determining whether an initiative is administrative or legislative in character.
 
 [9]
 
 In
 
 Forman,
 
 we expressed this central test as follows:
 

 
 *772
 
 “An ordinance originating or enacting a permanent law or laying down a rule of conduct or course of policy for the guidance of the citizens or their officers and agents is purely legislative in character and referable, but an ordinance which simply puts into execution previously-declared policies, or previously-enacted laws, is administrative or executive in character, and not referable.”
 
 [10]
 

 Eller Media’s reliance upon
 
 Forman
 
 is misplaced to the extent that it relies upon those portions of
 
 Forman
 
 that go beyond the central test and that were overruled by this court in
 
 Garvin.
 

 Applying this test, as articulated in
 
 Forman
 
 and clarified in
 
 Garvin,
 
 we conclude that the initiative prohibiting off-premises billboards was legislative in character. The billboard petition did not merely apply previously declared policies or laws; rather, it articulated an entirely new policy — it prohibited construction of new off-premise billboards throughout the City of Reno. Although the City of Reno had regulated off-premise advertising, prohibiting such advertising was a complete change in policy.
 
 [11]
 
 Additionally, unlike the situations in
 
 Citizens for Train Trench Vote v. Reno
 

 [12]
 

 and
 
 Glover v. Concerned. Citizens for Fuji
 
 Park,
 
 [13]
 
 the billboard initiative does not concern a specific project, but enacts a city-wide change in policy towards off-premise advertising. As a result, we conclude that the billboard petition was legislative in character and a proper subject for an initiative petition.
 

 Accordingly, we affirm the district court’s order denying the appellant’s petition for a writ of mandamus.
 

 [1]
 

 NRS 295.205 permits any five voters of a city to commence initiative proceedings by filing an affidavit with the city clerk. The statute requires initiative petitions to be signed by “a number of registered voters of the city equal to 15 percent or more of the number of voters who voted at the last preceding city election.” NRS 295.205(2).
 

 [2]
 

 The pertinent election statutes were revised in 2001. NRS 295.210(2) no longer exists in the form quoted here.
 
 See
 
 2001 Nev. Stat., ch. 581, § 52, at 2968-69.
 

 [3]
 

 City Council of Reno v. Reno Newspapers,
 
 105 Nev. 886, 891, 784 P.2d 974, 977 (1989).
 

 [4]
 

 Hotel Employees v. State, Gaming Control Bd.,
 
 103 Nev. 588, 591, 747 P.2d 878, 879-80 (1987).
 

 [5]
 

 Welfare Div.
 
 v.
 
 Washoe Co. Welfare Dep’t,
 
 88 Nev. 635, 637-38, 503 P.2d 457, 459 (1972).
 

 [6]
 

 89 Nev. 533, 516 P.2d 1234 (1973),
 
 overruled in part by Garvin v. Dist. Ct.,
 
 118 Nev. 749, 59 P.3d 1180 (2002).
 

 [7]
 

 118 Nev. at 751, 59 P.3d at 1181.
 

 [8]
 

 See id.
 

 [9]
 

 See id.
 
 at 764-65, 59 P.3d at 1190.
 

 [10]
 

 Forman,
 
 89 Nev. at 537, 516 P.2d at 1236 (quoting
 
 Denman v. Quin,
 
 116 S.W.2d 783, 786 (Tex. Civ. App. 1938)).
 

 [11]
 

 See
 
 Reno Municipal Code 18.06.500 (2000).
 

 [12]
 

 118 Nev. 574, 53 P.3d 387 (2002),
 
 disapproved in pan by Garvin,
 
 118 Nev. 749, 59 P. 3d 1180.
 

 [13]
 

 118 Nev. 488, 50 P.3d 546 (2002),
 
 disapproved in pan by Garvin,
 
 118 Nev. 749, 59 P.3d 1180.