Mueller Hinds & Associates
Attorney General/Carson City
Glen J. Lerner & Associates
Marisa C. Guarino
Attorney General/Las Vegas
ORDER DISMISSING APPEAL
This is an appeal from a September 27, 2017, order denying a motion for clarification and/or reconsideration and granting a countermotion for distribution of an attorney's lien in an interpleader action. Respondent Glen J. Lerner has filed a motion to dismiss this appeal for lack of jurisdiction. Appellant opposes the motion and Lerner has filed a reply.
Appellant appears to contend that this court has jurisdiction to consider the appeal under NRAP 3A(b)(1), which permits an appeal from a final judgment. He also appears to contend that the order challenged on appeal is the district court's August 3, 2017, findings of fact, conclusions of law and order granting Lerner's motion to adjudicate attorney's lien. Even if we construe the notice of appeal as an appeal from the August 3, 2017, order, see Krause Inc. v. Little, 117 Nev. 929, 933, 34 P.3d 566, 569 (2001) ; Forman v. Eagle Thrifty Drugs & Markets, Inc., 89 Nev. 533, 536, 516 P.2d 1234, 1236 (1973), overruled on other grounds by Garvin v. Ninth Judicial Dist. Court, 118 Nev. 749, 59 P.3d 1180 (2002). we lack jurisdiction. The final judgment in an interpleader action is generally held to be one that grants the interpleader request, discharges the plaintiff from further liability, and adjudicates all of the claimants' competing interests in the funds placed with the court. See, e.g., Abex Corp. v. Ski's Enters., Inc., 748 F.2d 513, 515 (9th Cir. 1984) ; Custom One-Hour Photo u. Citizens & S. Bank , 345 S.E.2d 147, 148 (Ga. Ct. App. 1986) ; Scruggs, Millette, Bozeman, & Dent, PA. v. Merkel & Cocke, P.A., 763 So.2d 869, 872 (Miss, 2000) ; see generally 44B Am. Jur. 2d Interpleader § 81 ; see also Lee v. GNLV Corp., 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (stating that "a final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment, issues such as attorney's fees and costs"). As appellant agrees in his docketing statement and seems to concede in his opposition to the motion to dismiss, the August 3, 2017, order does not resolve the interpleader complaint as to all the parties to the district court action. Further, the order does not discharge appellant from further liability. The August 3, 2017, order is thus not appealable as a final judgment under NRAP 3A(b)(1).[1] To date, it appears that the interpleader complaint remains pending in the district court.
To the extent appellant contends that the September 27, 2017, order is appealable as a special order after final judgment, see NRAP 3A(b)(8), we disagree. In the absence of a final judgment, there can be no special order after final judgment.
Accordingly, as it appears that no statute or court rule permits an appeal from either the September 27, 2017, or August 3, 2017, order, we conclude that we lack jurisdiction, see Brown v MHC Stagecoach, LLC, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court may only consider an appeal when the appeal is authorized by statute or court rule), and we
ORDER this appeal DISMISSED.

Appellant cites to NRCP 54(b) and claims that rule allows the district court to enter an order as to only one party. However, the district court did not certify its August 3, 2017, or September 27, 2017, orders as final pursuant to NRCP 54(b).