ERNEST J. COLLINS, Appellant, *v.* UNION FEDERAL SAVINGS AND LOAN ASSOCIATION, aka FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent.

No. 12961

March 12, 1981                    624 P.2d 496

*Roger A. Bergmann,* Reno, for Appellant.

*Vargas & Bartlett,* and *John C. Renshaw,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant's notice of appeal in this case states that the appeal is taken from an order granting respondent's motion for summary judgment "entered in this action on the 17th day of December 1979." This order, however, was mistakenly signed by a district judge who was not assigned to the case, and is therefore conceded by the parties to be void. *See* DCR 18. The order granting the motion for summary judgment in question was actually signed by the proper judge on August 25, 1980, and entered on August 27, 1980. This order also granted two other motions for summary judgment filed by respondent relating to other causes of action raised by appellant below. Notice of entry of this judgment was mailed to appellant on August 28, 1980.

On September 29, 1980, appellant filed the notice of appeal specifying the wrong order (that of December 17, 1979) as the one from which the appeal was being taken. Respondent has moved to dismiss this appeal, arguing that an appeal may not be taken from the void order for purposes of reviewing the merits of the issues raised in the motion for summary judgment.

In his response to the motion to dismiss, appellant contends that it was his intent to appeal from the order entered August 27, 1980, that the error in the notice of appeal was merely clerical and should not preclude him from prosecuting this appeal.

It is the general rule that a judgment or order which is not

included in the notice of appeal will not be considered on appeal. *See* NRAP 3(c); Reno Newspapers v. Bibb, 76 Nev. 332, 353 P.2d 458 (1960). However, a notice of appeal which does not designate the correct judgment does not warrant dismissal where the intention to appeal from a specific judgment may be reasonably inferred from the text of the notice and where the defect has not materially misled the respondent. Forman v. Eagle Thrifty Drugs & Markets, 89 Nev. 533, 516 P.2d 1234 (1973). *See also* Grouse Cr. Ranches v. Budget Financial Corp., 87 Nev. 419, 488 P.2d 917 (1971); Casino Operations, Inc. v. Graham, 86 Nev. 764, 476 P.2d 953 (1970).

Here, appellant's intention to appeal from the order entered August 27, 1980 can be reasonably inferred from the date of the filing of the notice of appeal (September 29, 1980) as well as the text of the notice. Moreover, respondents have not demonstrated how they have been materially misled by the error in the notice of appeal. *See, e.g.,* Welch v. State ex rel. Hwy. Dep't, 80 Nev. 128, 390 P.2d 35 (1964) (appeal dismissed as to two defendants where notice of appeal designated separate judgment which did not include those two defendants). Under these circumstances we decline to dismiss this appeal on the basis of a procedural technicality. Forman v. Eagle Thrifty Drugs & Markets, *supra; see also* Harmon v. Tanner Motor Tours, 79 Nev. 4, 377 P.2d 622 (1963).

The motion to dismiss is denied.