LEONARD MARTIN LEMMOND, Appellant *v.*
THE STATE OF NEVADA, Respondent.

No. 30978

February 26, 1998                                954 P.2d 1179

*Zeh, Polaha, Spoo, Hearne & Picker,* Reno, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City;
*Richard A. Gammick,* District Attorney, Washoe County, for
Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying a
post-conviction petition for a writ of habeas corpus. Our prelimi-
nary review of the documents filed in this appeal revealed a
potential jurisdictional defect. Therefore, on November 13,
1997, this court ordered appellant to supplement the documents
filed in this appeal with certain additional documents and to show
cause why this appeal should not be dismissed for lack of juris-

diction. On December 3, 1997, appellant filed his response to our order.

First, the notice of appeal states that this appeal is taken from the order denying appellant's petition for a writ of habeas corpus entered on August 12, 1997. The district court did not, however, enter an order denying appellant's petition on that date. Rather, on August 12, 1997, there was filed in the district court an amended notice of entry of an order denying appellant's petition entered on February 1, 1995. A notice of entry is not itself an appealable determination. *See* NRS 177.015; NRS 34.575. The notice of appeal is not, however, intended to be a technical trap for the unwary draftsman. Where, as here, the intent to appeal from a final judgment can be reasonably inferred and the respondent is not misled, we will not dismiss an appeal due to technical defects in the notice of appeal. Forman v. Eagle Thrifty Drugs & Markets, 89 Nev. 533, 536, 516 P.2d 1234, 1236 (1973). Therefore, and in view of our determination discussed below, we choose to overlook this technical defect.

Next, it must be determined whether the notice of appeal was timely filed. NRS 34.575(1) provides that "the appeal must be made within 30 days after service by the court of written notice of entry of the order or judgment." The certificate of mailing for the order denying appellant's petition indicates that the district court clerk mailed copies of that order to the Washoe County District Attorney, the Attorney General, and Jane McKenna, apparently appellant's counsel of record at the time. NRS 34.830(2) provides, however, that a copy of the order resolving the petition "must be served by the clerk of the court upon the petitioner and his counsel, if any, the respondent, the attorney general and the district attorney of the county in which the petitioner was convicted."

Appellant states that he was never served with the order denying his petition. Appellant contends that the time for filing a notice of appeal should not begin to run until the district court clerk has fully complied with the requirements of NRS 34.830(2) by serving him with a copy of the order denying his petition. We agree. Specifically, NRS 34.575(1) sets forth a thirty-day period for appealing from an order resolving a petition for a writ of habeas corpus, commencing with service of the order by the clerk of the district court, but does not define that service. We conclude that NRS 34.830(2), setting forth who must be served with the order resolving the petition, describes the service contemplated in NRS 34.575(1). *See* State, Dep't of Mtr. Vehicles v. McGuire, 108 Nev. 182, 184, 827 P.2d 821, 822 (1992) (" 'Any doubt about the construction of statutes regulating the right of appeal

should be resolved in favor of allowing an appeal' '') (quoting Thompson v. District Court, 100 Nev. 352, 355, 683 P.2d 17, 19 (1984)). Thus, the thirty-day period for appealing from an order denying a petition for a writ of habeas corpus under NRS 34.575(1) begins to run after the clerk of the district court has complied with NRS 34.830 and properly served the petitioner, as well as petitioner's counsel, if any. Therefore, despite the general rule that service upon counsel constitutes service upon a party, *see* NRAP 25(1)(b), NRCP 5(b), the time for filing this appeal did not begin to run until appellant was directly served. Appellant filed his notice of appeal on August 29, 1997, seventeen days after the clerk of the district court, on August 12, 1997, served him by mail with notice of entry of the order denying his petition. Therefore, appellant's notice of appeal was timely filed. Accordingly, this appeal may proceed. We reinstate the briefing schedule suspended in our order of November 13, 1997.[1]

---

[1]Appellant shall file the opening brief within thirty (30) days of the date this opinion is filed. Thereafter, briefing shall proceed in accordance with the briefing schedule in NRAP 31(a)(1).