BILAL ABDULLAH, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 57818

February 14, 2013 294 P.3d 419

*Sandra L. Stewart*, Las Vegas, for Appellant.

*Catherine Cortez Masto*, Attorney General, Carson City; *Steven B. Wolfson*, District Attorney, and *Steven S. Owens*, Chief Deputy District Attorney, Clark County, for Respondent.

Before PICKERING, C.J., HARDESTY and SAITTA, JJ.

## OPINION

By the Court, HARDESTY, J.:

In this appeal, we address the district court clerk's authority to prepare and file a notice of appeal on an appellant's behalf. We conclude that the district court clerk lacks authority to prepare and

file a notice of appeal on an appellant's behalf unless authorized by statute or court rule. There are two relevant examples. First, NRS 177.075(2) authorizes the district court clerk to prepare and file a notice of appeal on a criminal defendant's behalf when the defendant proceeded to trial without counsel and has requested an appeal after being advised of the right to appeal at sentencing. Second, NRAP 4(c) authorizes the district court clerk to prepare and file a notice of appeal from a judgment of conviction on a criminal defendant's behalf when the district court directs the clerk to do so after finding that the defendant established a valid appeal-deprivation claim and is entitled to a direct appeal.

The district court clerk prepared and filed the notice of appeal in this case on appellant's behalf designating the notice of entry of the district court's order denying a post-conviction petition for a writ of habeas corpus, but the clerk lacked authority to do so because NRS 177.075(2) does not apply here and the notice does not comply with NRAP 4(c). As the notice of appeal does not specify the judgment of conviction and the district court clerk may not prepare and file a notice of appeal from the denial of a post-conviction petition for a writ of habeas corpus, we dismiss the appeal with instructions to the district court clerk to prepare and file a notice of appeal on appellant's behalf from the judgment of conviction, as directed by the district court pursuant to NRAP 4(c).

## FACTS AND PROCEDURAL HISTORY

Appellant Bilal Abdullah pleaded guilty to one count of attempted robbery, and the district court entered a judgment of conviction on March 9, 2010. No appeal was filed from the judgment of conviction. Abdullah later filed a timely proper person post-conviction petition for a writ of habeas corpus in which he asserted, among other claims, that he asked counsel to file an appeal from the judgment of conviction and counsel refused to file the requested appeal. After conducting an evidentiary hearing, the district court granted the petition in part, finding that Abdullah had been deprived of his right to a direct appeal due to ineffective assistance of counsel, see *Toston v. State*, 127 Nev. 971, 267 P.3d 795 (2011); *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994), and ordered the district court clerk "to prepare and file a Notice of Appeal from the Judgment of Conviction and Sentence on Defendant's behalf." *See* NRAP 4(c). The district court denied the remainder of Abdullah's claims. The court's written order was entered on January 14, 2011.

The district court clerk filed a notice of entry of the decision and order on February 24, 2011, as required under NRS 34.830(2) and (3). The same day, the district court clerk prepared and filed a no-

tice of appeal on Abdullah's behalf. The notice of appeal designates "the Order entered in this action on February 24, 2011."

## DISCUSSION

Abdullah raises some issues that would be appropriate on appeal from the judgment of conviction and others that would be appropriate on appeal from the order denying in part his post-conviction petition for a writ of habeas corpus. Although the State responds to the merits of all the issues raised by Abdullah, it also asserts that this court lacks jurisdiction to consider any issues related to the order denying in part the post-conviction petition because the district court clerk did not have authority to prepare and file a notice of appeal on Abdullah's behalf from that order and Abdullah failed to file a notice of appeal from that order. In Abdullah's reply, which this court ordered, he argues that as he was proceeding in proper person at the time that the district court clerk prepared and filed the notice of appeal, he should not be required to have known that he had to file his own notice of appeal from the order denying in part his post-conviction petition.

To resolve the jurisdictional issue presented, we first must determine whether the district court clerk had authority to prepare and file the notice of appeal on Abdullah's behalf. The decision to take an appeal rests squarely with the appellant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *see also* NRS 177.075(2)-(3) (requiring notice of appeal to be signed by appellant, appellant's attorney, or district court clerk where defendant who proceeded to trial without counsel requests an appeal after being informed of the right to appeal when the court imposes the sentence); NRAP 3C(c) ("When an appellant elects to appeal from a district court order or judgment governed by this Rule, appellant's trial counsel shall serve and file a notice of appeal pursuant to applicable rules and statutes."); NRAP 4(c)(1)(B)(iii) (providing district court clerk may file notice of appeal where petitioner has demonstrated that he was deprived of a direct appeal).[1] The district court clerk is authorized to prepare and file a notice of appeal on a criminal defendant's behalf in two specific situations: (1) when a defendant "who has not pleaded guilty or guilty but mentally ill and who is without counsel" has been informed at sentencing of his right to appeal and requests an appeal, NRS 177.075(2); and (2) when the

---

[1]Nevada law provides for an automatic appeal without any action by a criminal defendant or his counsel in only one circumstance. When a defendant has been convicted following a trial and is sentenced to death, the appeal from the judgment of conviction is automatic unless the defendant or his counsel affirmatively waives the appeal. NRS 177.055(1).

district court finds that a post-conviction petitioner has demonstrated that he was deprived of his right to appeal from a judgment of conviction and orders the clerk to prepare and file a notice of appeal from the judgment of conviction as provided in NRAP 4(c)(1)(B)(i), (iii).

These provisions ensure that a notice of appeal from a judgment of conviction is prepared and filed on behalf of a defendant in two circumstances in which there is a significant risk that the right to appeal otherwise will be lost. In both instances in which the clerk has authority to prepare and file a notice of appeal from a judgment of conviction on a defendant's behalf, the defendant has asserted his right to appeal from the judgment of conviction. These provisions therefore are consistent with the notion that the defendant has the ultimate authority to decide whether to take such an appeal. No statute or court rule permits the district court clerk to prepare and file a notice of appeal on a defendant's behalf in any other circumstance. In particular, NRS Chapter 34, which governs post-conviction habeas petitions and appeals therefrom, has no provision directing the court or clerk to prepare and file a notice of appeal on an aggrieved litigant's behalf.

Here, the notice of appeal was prepared and signed by the district court clerk on Abdullah's behalf. Because the district court clerk only has that authority in limited circumstances, we must determine whether any of those circumstances are present in this case. NRS 177.075(2) does not apply because Abdullah was represented by counsel and entered a guilty plea. Although NRAP 4(c) clearly applies because Abdullah filed a post-conviction petition for a writ of habeas corpus alleging that he was deprived of his right to a direct appeal and the district court found that that claim had merit and ordered the district court clerk to prepare and file a notice of appeal from the judgment of conviction and sentence, the notice of appeal prepared by the clerk does not designate the judgment of conviction and sentence. We therefore must determine whether the intent to appeal from the judgment of conviction can be inferred from the notice prepared and filed by the clerk.

A notice of appeal must "designate the judgment, order or part thereof being appealed." NRAP 3(c)(1)(B). Generally, a judgment or order that is not included in the notice of appeal is not considered on appeal. *Collins v. Union Fed. Savings*, 97 Nev. 88, 89-90, 624 P.2d 496, 497 (1981). This general rule is not inflexible. Because "[t]he notice of appeal is not . . . intended to be a technical trap for the unwary draftsman," this court will not dismiss an appeal "[w]here . . . the intent to appeal from a final judgment

can be reasonably inferred and the respondent is not misled.'' *Lemmond v. State*, 114 Nev. 219, 220, 954 P.2d 1179, 1179 (1998); *see also Collins*, 97 Nev. at 90, 624 P.2d at 497 (explaining that court will not dismiss an appeal for failure to designate the correct judgment ''where the intention to appeal from a specific judgment may be reasonably inferred from the text of the notice and where the defect has not materially misled the respondent''). Other courts have similarly looked beyond the face of the notice to determine the order it intends to appeal. *See Trustees of Const. Industry v. Hartford Fire Ins.*, 578 F.3d 1126, 1128 (9th Cir. 2009) (holding that opposing party was not prejudiced by incorrect docket number on notice of appeal where judgment attached to notice had correct docket number); *U.S. v. Morales*, 108 F.3d 1213, 1223 (10th Cir. 1997) (providing that court may look beyond the face of the notice of appeal to supporting papers filed with it to determine judgment it intends to appeal).

Even with that somewhat flexible approach, we cannot infer the intent to appeal from the judgment of conviction based on the notice of appeal prepared and filed by the district court clerk in this case. In our decisions, we have only looked beyond the notice of appeal to the order directly referenced by the notice to determine what order the appellant intended to appeal. *See Krause Inc. v. Little*, 117 Nev. 929, 933, 34 P.3d 566, 569 (2001) (looking at referenced judgment notwithstanding the verdict to construe notice of appeal as referring to underlying verdict); *Lemmond*, 114 Nev. at 220, 954 P.2d at 1179 (looking at referenced notice of entry of order to construe notice of appeal as referring to underlying order). The notice in this case designates an order entered on February 24, 2011. No order was entered on that date. However, the notice of entry of the order denying the post-conviction petition was filed on that date. When a notice of appeal designates the notice of entry of an order, the court may infer that the appellant intended to appeal from the order identified in the notice of entry. *Lemmond*, 114 Nev. at 220, 954 P.2d at 1179. But to infer an intention to appeal from the judgment of conviction based on the notice in this case, we would have to look beyond the text of the notice of appeal *and* the notice of entry designated in the notice of appeal to the text of the order referenced in the notice of entry. That goes beyond our prior decisions and would undermine the general rule that an appealable judgment or order that is not designated in the notice cannot be considered on appeal. Although the State was not misled by the notice of appeal as it responded to Abdullah's arguments concerning the judgment of conviction, it is difficult to reasonably infer from the text of the notice of appeal and the notice of entry of order designated in the notice of appeal that the intent was to appeal from the judgment of conviction.

## CONCLUSION

We conclude that this appeal is not properly before us. The notice of appeal prepared and filed by the district court clerk on Abdullah's behalf does not indicate that it is, and cannot be construed as, an appeal from a judgment of conviction as ordered by the district court pursuant to NRAP 4(c). Although the notice could be construed as a notice of appeal from the order denying in part Abdullah's post-conviction petition for a writ of habeas corpus, the district court clerk does not have authority to file such a notice; therefore, the notice may not invoke this court's jurisdiction to consider issues related to the order denying in part the post-conviction petition. Accordingly, we dismiss this appeal and direct the district court clerk to file a notice of appeal from the judgment of conviction consistent with the district court's order and NRAP 4(c).

PICKERING, C.J., and SAITTA, J., concur.