# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SHAKAYLA ST. MARY,<br>Appellant/Cross-Respondent,<br>vs.<br>VERONICA LYNN DAMON,<br>Respondent/Cross-Appellant. | No. 67718 |

FILED

NOV 14 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying attorney fees and costs and a cross-appeal from an order denying a motion for a new trial. Eighth Judicial District Court, Family Court Division, Clark County; Rena G. Hughes, Judge.

Respondent/cross-appellant Veronica Damon's eggs were fertilized by a sperm donor and then implanted into appellant/cross-respondent Sha'kayla St. Mary, who was Damon's girlfriend at the time. The parties separated less than a year after the child was born and Damon refused to allow St. Mary to have visitation. St. Mary filed the underlying action and the district court originally concluded that St. Mary was not the child's parent. This court entered an opinion reversing that order and directing the district court to hold an evidentiary hearing to determine parentage, custody, and visitation. On remand, the district court concluded that the parties intended St. Mary to be the child's parent, awarded the parties joint physical custody, and ordered that St. Mary was entitled to attorney fees and costs as the prevailing party. Damon filed a motion for a new trial and St. Mary filed a motion for her attorney fees and costs. The district court denied both of those motions.

Having considered the parties' arguments and the record on appeal, we conclude that the district court properly found St. Mary to be

16-35291

the child's parent as that finding is supported by substantial evidence.[1] *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that this court reviews the district court's factual findings for an abuse of discretion and will not set aside those findings unless they are clearly erroneous or not supported by substantial evidence). The district court found that the testimony from the witnesses regarding the parties' intent prior to the child's conception balanced out and did not favor one party over the other. *See Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) (explaining that this court will not assess witness credibility). Nevertheless, the record demonstrates that the parties chose a mixed-race sperm donor as they were a mixed-race couple; St. Mary had her own baby shower at work, separate from Damon; and St. Mary paid some of the IVF medical expenses. Additionally, the parties cohabitated during the conception; went on a family vacation after the child was born; accepted mail as a couple and as a family; and St. Mary stayed home with the child for five months after the child was born, breastfed the child, and continued

---

[1]While Damon's notice of appeal failed to indicate she was challenging the district court's November 25, 2014, order concerning parentage and custody, because it can reasonably be inferred that Damon was challenging this order and St. Mary was not misled as to what Damon was challenging, we will consider Damon's challenges to the November 25, 2014, order in her cross-appeal. *See Abdullah v. State*, 129 Nev. 86, 90-91, 294 P.3d 419, 421 (2013) ("Because the notice of appeal is not intended to be a technical trap for the unwary draftsman, this court will not dismiss an appeal where the intent to appeal from a final judgment can be reasonably inferred and the respondent is not misled." (internal quotations and alterations omitted)); *Ross v. Giacomo*, 97 Nev. 550, 555, 635 P.2d 298, 301 (1981) (allowing an appeal from an underlying judgment when such can be inferred from the notice of appeal and the designation of the record), *abrogated on other grounds by Winston Prods. Co., Inc. v. DeBoer*, 122 Nev. 517, 134 P.3d 726 (2006).

visitation with the child for a period of time after the parties terminated their relationship. Thus, substantial evidence supports the district court's conclusion that St. Mary is the child's parent.[2]

Further, the district court did not abuse its discretion by awarding the parties joint physical custody. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews a child custody decision for an abuse of discretion). It is in the child's best interest to "have frequent associations and a continuing relationship with both parents . . . and [t]o encourage such parents to share the rights and responsibilities of child rearing." NRS 125.460 (1983); *see also* NRS 125.480(3) (2009) ("[t]he court shall award custody in the following order of preference . . . [t]o both parents jointly"); NRS 125.490(1) (1983). As substantial evidence in the record supports the district court's decision to award joint custody, the court did not abuse its discretion. *Ogawa*, 125 Nev. at 668, 221 P.3d at 704.

The district court also did not abuse its discretion by denying St. Mary's request for attorney fees as the record did not demonstrate that Damon's defense that St. Mary was a surrogate was unreasonable or brought to harass St. Mary and the court did not abuse its discretion in concluding that the parties' disparity in income weighed against an award

---

[2]We further conclude that the district court did not abuse its discretion in excluding evidence of Damon's will as the will was not timely disclosed. *M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) (explaining that this court reviews the admission or exclusion of evidence for an abuse of discretion); *see* NRCP 16.205(b)(8) (requiring evidentiary hearing exhibits in paternity or custody matters to be disclosed to the other party at least 21 days before the evidentiary hearing). We also conclude that nothing in the record indicates that the district court applied equitable estoppel in determining parentage, and thus Damon's argument in this regard is without merit.

under NRS 126.171.[3]  *See* NRS 18.010(2)(b) (permitting an award of attorney fees to the prevailing party only when a claim or defense is "brought or maintained without reasonable ground or to harass the prevailing party"); *Miller v. Wilfong,* 121 Nev. 619, 623, 119 P.3d 727, 730 (2005) (providing that in family law cases, the district court must consider the disparity in income between the parties and explaining that this court reviews a district court's decision regarding attorney fees for an abuse of discretion).  Lastly, we conclude that the district court did not abuse its discretion in denying St. Mary's request for costs as neither NRS 18.110 nor NRS 18.020 require an award of costs in this matter, and an award of costs under NRS 126.171 is purely discretionary.  *See Bergman v. Boyce,* 109 Nev. 670, 679, 856 P.2d 560, 565-66 (1993) (explaining that this court reviews a district court's decision regarding an award of costs for an abuse of discretion).  Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

---

[3]We further reject St. Mary's argument that the district court could not deny her motion for attorney fees because a previous judge had ruled after the evidentiary hearing that St. Mary was entitled to attorney fees as the prevailing party.  The previous ruling did not finally resolve the issue because no amount was awarded and the ruling was not supported by a specific legal basis.

cc:  Hon. Rena G. Hughes, District Judge, Family Court Division
     Attorney General/Las Vegas
     Accelerated Law Group
     Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A