# IN THE SUPREME COURT OF THE STATE OF NEVADA

INGRID PATIN, AN INDIVIDUAL; AND PATIN LAW GROUP, PLLC, A PROFESSIONAL LLC,

Appellants,

vs.

TON VINH LEE,

Respondent.

INGRID PATIN, AN INDIVIDUAL; AND PATIN LAW GROUP, PLLC, A NEVADA PROFESSIONAL LLC,

Appellants,

vs.

TON VINH LEE, AN INDIVIDUAL,

Respondent.

No. 69928

FILED

APR 2 7 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

No. 72144

## ORDER REGARDING JURISDICTION IN DOCKET NO. 69928 AND DISMISSING APPEAL IN DOCKET NO 72144

Docket No. 69928 is an appeal from a district court order denying a special motion to dismiss. Docket No. 72144 is an appeal from a district court order denying a renewed special motion to dismiss. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

On November 1, 2016, appellants filed an amended docketing statement in Docket No. 69928. Therein, appellants stated that the amended docketing statement was filed "to appea[l] from" an order denying a renewed special motion to dismiss, filed on September 29, 2016. This court issued an order directing appellants to show cause why the appeal in Docket No. 69928 should not be limited to issues relating to the order denying the original special motion to dismiss. We explained that appellants had not perfected an appeal from the order denying the renewed special motion to dismiss because they had not filed a new or

17-14085

amended notice of appeal identifying that order. We also stated that it appeared unreasonable to infer an intent to appeal from the order denying the renewed special motion to dismiss from the notice of appeal where (1) the order was entered after the filing of the notice of appeal, and (2) the notice of appeal appeared to have been filed prior to the renewed special motion to dismiss.

In response to our order, appellants assert that their intent to appeal from the order denying the renewed special motion to dismiss is clear from the "timely" filing of an amended case appeal statement[1] and amended docketing statement. They seem to argue that jurisdiction over the order denying the renewed special motion to dismiss is proper because the renewed special motion to dismiss was based on the same issue as the original special motion to dismiss. Appellants also state that they did not believe a second notice of appeal was necessary because the renewed special motion to dismiss and order denying that motion were "repetitious" of the original special motion to dismiss and subsequent order. They point out that they filed an untimely amended notice of appeal to "further clarify" their intent to appeal from the orders denying both special motions to dismiss. Respondent has filed a response in which it appears to ask that the untimely amended notice of appeal, Docket No. 72144, be dismissed.

Except in certain death penalty cases, an appeal "may be taken only by filing a notice of appeal with the district court clerk within the time allowed." NRAP 3(a)(1). The notice of appeal must identify the

---

[1]The amended case appeal statement was filed only in the district court.

order being appealed, NRAP 3(c)(1)(B), and this court will not generally consider a judgment or order that is not included in the notice of appeal. *Abdullah v. State*, 129 Nev. 86, 90-91, 294 P.3d 419, 421 (2013). However, this court will not dismiss an appeal where the intent to appeal from a judgment can be reasonably inferred. *Id.*

Appellants' notice of appeal in Docket No. 69928 identified only the February 4, 2016, order denying the original special motion to dismiss. No intent to appeal from the order denying the renewed special motion to dismiss can be inferred from the notice of appeal or any of the documents submitted with the notice of appeal. Nor is it reasonable to infer such an intent where the notice of appeal was filed prior to both the renewed special motion to dismiss and the order denying that motion. We decline to infer an intent to appeal from the order denying the renewed special motion to dismiss from either the amended case appeal statement, amended docketing statement, or amended notice of appeal, all of which were filed after the notice of appeal. *See id.*, 129 Nev. at 91, 294 P.3d at 422 (explaining that "we have only looked beyond the notice of appeal to the order directly referenced by the notice to determine what order the appellant intended to appeal"). To the extent appellants suggest that the amended case appeal statement and/or amended docketing statement should be construed as a notice of appeal, we decline to do so. Accordingly, we conclude that that the appeal in Docket No. 69928 is limited to the issues related to the February 4, 2016, order denying the original special motion to dismiss.

Regarding Docket No. 72144, we agree that the amended notice of appeal was untimely filed. Notice of entry of the order denying the renewed motion to dismiss was served electronically on September 29,

2016. Appellants did not file the amended notice of appeal until January 5, 2017, long after expiration of the 30-day appeal period. *See* NRAP 4(a)(1); NRS 41.670(4). Thus, we lack jurisdiction, *see, e.g. Dickerson v. State*, 114 Nev. 1084, 1087, 967 P.2d 1132, 1134 (1998) (an untimely notice of appeal fails to vest jurisdiction in this court), and we order the appeal in Docket No. 72144 dismissed.

It is so ORDERED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                          Stiglich

cc:  Hon. Jennifer P. Togliatti, District Judge
     Stephen E. Haberfeld, Settlement Judge
     Nettles Law Firm
     Resnick & Louis, P.C.
     Eighth District Court Clerk