# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD E. MCCALLISTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73261



FILED

JUN 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL IN PART AND AFFIRMING IN PART AND DIRECTING ENTRY OF AN AMENDED JUDGMENT OF CONVICTION

This is an appeal from a district court order denying appellant Donald E. McCallister's motion to dismiss or, in the alternative, motion for a new trial and/or evidentiary hearing.[1] Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Preliminarily, we note that there appears to be confusion regarding the scope of this appeal. The notice of appeal designates the district court's order denying McCallister's motion to dismiss or, in the alternative, motion for a new trial and/or evidentiary hearing. However, McCallister appears to raise claims challenging the denial of a postconviction petition for a writ of habeas corpus, a decision he did not

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

18-22883

designate in the notice of appeal.[2] Because claims relating to the denial of the postconviction petition are not within the scope of this appeal, we decline to consider them. *See* NRAP 3(c)(1)(B) (providing that notice of appeal shall "designate the judgment, order or part thereof being appealed"); *Abdullah v. State*, 129 Nev. 86, 90-91, 294 P.3d 419, 421-22 (2013) (discussing "general rule that an appealable judgment or order that is not designated in the notice cannot be considered on appeal" and explaining the limited circumstances in which the court may infer the intent to appeal from a judgment or order not designated in the notice of appeal).

Next, our review of this appeal reveals a jurisdictional defect. The right to appeal is statutory; where no statute or court rule provides for an appeal, no right to appeal exists. *Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990). No statute or court rule provides for an appeal from an order denying a motion to dismiss or a motion for an evidentiary hearing. *See id.*; *see also* NRS 177.145. Therefore, we lack jurisdiction as to the denial of those motions.

Next, our review indicates that the motion for a new trial was properly denied because it was untimely filed. *See* NRS 176.515(3), (4). Therefore, we affirm that part of the district court's order.

---

[2]It appears that the district court announced its decision on April 26, 2017. Even if the district court has not yet entered a written order, McCallister could have designated the oral decision in the notice of appeal. *See* NRAP 4(b)(2) ("A notice of appeal filed after the announcement of a decision, sentence or order—but before entry of the judgment or order—shall be treated as filed after such entry and on the day thereof.").

Lastly, we observe that the parties agree that an amended judgment of conviction should be entered to reflect the dismissal of the lewdness counts. Thus, we direct the district court to enter an amended judgment of conviction reflecting the dismissal of counts 3-6, 9-13, and 16-19.

Accordingly, we

ORDER this appeal DISMISSED in part, the judgment of the district court AFFIRMED in part, and the entry of an amended judgment of conviction.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:   Hon. Kenneth C. Cory, District Judge
      Mueller Hinds & Associates
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk