IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ZACKERY ALLEN CRABTREE,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 76166 |
| ZACKERY ALLEN CRABTREE,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 76167 |

FILED

JUN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated pro se appeals from a district court order denying appellant Zackery Allen Crabtree's postconviction petition for a writ of habeas corpus. Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge. The district court denied his petition without an evidentiary hearing. We affirm.[1]

Crabtree first argues that the district court erred in denying his motion to withdraw his guilty plea. The notices of appeal designate the district court's order denying Crabtree's postconviction habeas petitions, not its earlier order denying his motion to withdraw his guilty plea. Had the notices of appeal designated the district court's December 29, 2017, order denying the motion to withdraw the guilty plea, they would have been

---

[1]Having considered the pro se brief filed by Crabtree, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the records. *Id.*

19-26043

untimely, as they were filed on June 22, 2018, more than 30 days after entry of the order. *See* NRAP 4(b)(1)A). Because claims relating to the denial of the motion to withdraw Crabtree's guilty plea are not within the scope of this appeal, we decline to consider them. *See* NRAP 3(c)(1)(B) (providing that notice of appeal shall "designate the judgment, order or part thereof being appealed"); *Abdullah v. State*, 129 Nev. 86, 90-91, 294 P.3d 419, 421-22 (2013) (discussing "general rule that an appealable judgment or order that is not designated in the notice cannot be considered on appeal" and explaining the limited circumstances in which the court may infer the intent to appeal from a judgment or order not designated in the notice of appeal).

Crabtree next argues that the trial court failed to canvass him on his guilty plea to battery by a prisoner and erroneously allowed him to plead to a fictitious offense. Crabtree did not present this claim to the district court below, and we decline to address it in the first instance. *See Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995).

Lastly, Crabtree argues that counsel provided ineffective assistance. To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (holding that prejudice prong requires petitioner to show a reasonable probability that he would not have pleaded guilty absent counsel's errors); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996) (same). Both components of the

inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). To warrant an evidentiary hearing, a petitioner must make specific factual allegations that are not belied or repelled by the record and, if true, would entitle him to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

We conclude that Crabtree did not show deficient performance. First, the record belies Crabtree's allegations that counsel "maligned" him in closing argument: it shows that counsel tried to advocate for Crabtree's interests in light of Crabtree's character and criminal history. The record also belies Crabtree's allegation that counsel sought to retaliate against him for nonpayment of attorney fees: counsel was appointed to represent Crabtree at the State's expense. The record belies Crabtree's allegation that he received an unrecorded promise of probation: he acknowledged during the plea canvass that no party had made any promises beyond the guilty plea agreement, that sentencing was entirely up to the court, and that a prior conviction for burglary—which he had—would preclude probation. The record next repels Crabtree's allegation that he had a relevant substantial assistance agreement: counsel and the district court independently reviewed the issue and concluded that whatever substantial assistance agreement existed was entered after the plea agreement was reached and had no connection to these proceedings. The record belies

Supreme Court
OF
Nevada

(O) 1947A

3

Crabtree's claim that counsel withheld a purportedly viable "lawful-tenant" defense from him: Crabtree alleged that he presented that issue to counsel and that counsel told him that it was not meritorious. Moreover, the record repels the viability of this defense, as Crabtree gave a different address when requesting appointed counsel, declared that he was factually guilty of committing home invasion at 1820 Bighorn Street during his plea canvass, and accepted the contents of his presentence investigation report, which stated that he did not live at that address and did forcibly enter a bedroom in that apartment without the lawful occupant's permission. The record also repels Crabtree's claim that counsel should have investigated supposed recantations by Mr. Gonzalez and Ms. Wills: Crabtree alleged below that they conveyed these recantations to counsel before the preliminary hearing and should have testified at the preliminary hearing, even though Crabtree waived his preliminary hearing and made no reference to these alleged recantations at any point during his plea canvass or sentencing.[2]

Insofar as Crabtree argues he was actually innocent, he had to show that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence," *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), but he did not identify any new evidence, as he alleges that the purportedly exculpatory lease agreement was known to all parties.

---

[2]As Crabtree argues for the first time on appeal that counsel should have investigated Ms. Donnelly, Mr. Van Fort, Detective Gibbs, and Ms. Buchanan, we decline to consider that claim.

Having considered Crabtree's contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.[3]

_____ Pickering , J.
Pickering

_____ J.
Parraguirre

_____ , J.
Cadish

cc: Hon. Kimberly A. Wanker, District Judge
Zackery Allen Crabtree
Attorney General/Carson City
Nye County District Attorney
Nye County Clerk

---

[3]We have considered Crabtree's March 7, 2019, "Rule 201. Judicial Notice of Adjudicative Facts" and conclude that no relief is warranted.