# IN THE SUPREME COURT OF THE STATE OF NEVADA

VASSAL GRADINGTON BENFORD, III;
AND RONALD L. LEBOW,
Appellants,
vs.
PAMELA JONES-BENFORD,
Respondent.

No. 74649

**FILED**

SEP 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order appointing a receiver in a divorce proceeding. Eighth Judicial District Court, Clark County; Gerald W. Hardcastle, Judge. Eighth Judicial District Court, Family Court Division, Clark County; Jennifer Elliott, Judge.

In 2016, Appellant Vassal Benford Gradington, III filed for divorce from respondent Pamela Jones-Benford. With her answer, Pamela filed a third-party complaint against appellant Ronald L. Lebow, the couple's long-time attorney who managed their California-based trust. She alleged that Lebow was concealing community funds and financial documents, and sought declaratory and injunctive relief.

In March 2017, the district court conducted an evidentiary hearing and found that it lacked personal jurisdiction over Lebow. Specifically, it found that Lebow did not have minimum contacts with Nevada because he did not conduct business or perform continuous activities in the state. Pamela filed a motion to set aside the orders resulting from the March 2017 hearing. After conducting another evidentiary hearing in July 2017, the district court issued an order finding

that it could, in fact, exercise personal jurisdiction over Lebow, and joining him as a third-party. In this order, the court also appointed a receiver to oversee the couple's finances and investigate Lebow's alleged misconduct. Vassal and Lebow filed motions for reconsideration, which the court denied.

Vassal and Lebow now appeal. They argue that the district court erred when it exercised personal jurisdiction over Lebow, joined him to the divorce action as a third-party, and appointed a receiver to oversee the couple's financial matters and compel information from Lebow.[1]

---

[1]In their joint notice of appeal, Vassal and Lebow list only the order denying their motions for reconsideration. They do not expressly reference the July 2017 order appointing a receiver, but state that they "further appeal from this Order *appointing a receiver*" (emphasis added) and attach the July 2017 order to their notice of appeal. Although "[g]enerally, a judgment or order that is not included in the notice of appeal is not considered on appeal," *Abdullah v. State*, 129 Nev. 86, 90, 294 P.3d 419, 421 (2013), we will not dismiss an appeal where "the intent to appeal from a final judgment can be reasonably inferred and the respondent is not misled," *Lemmond v. State*, 114 Nev. 219, 220, 954 P.2d 1179, 1179 (1998). Here, Pamela was not misled, as she responded to the appointment of receiver argument in her answering brief. Under the circumstances, we conclude that the appeal properly includes the district court's July 2017 order appointing a receiver.

We further conclude that in the context of this appeal, Lebow may challenge the district court's decision on personal jurisdiction. Although decisions on personal jurisdiction are typically not independently appealable, *Fulbright & Jaworski v. Eighth Judicial Dist. Court*, 131 Nev. 30, 35, 342 P.3d 997, 1001 (2015), the decision here was included in an order appointing a receiver, which *is* independently appealable under NRAP 3A(b)(4). *Cf. Vaile v. Vaile*, 133 Nev. 213, 217, 396 P.3d 791, 794-95 (2017) (concluding that an appellate court may properly review a contempt finding, which is not independently appealable, if it is included in a child support order, which is independently appealable).

*The district court's finding of specific personal jurisdiction*

Nevada's long-arm statute permits a district court to exercise personal jurisdiction over a nonresident defendant "unless the exercise of jurisdiction would violate due process." *Consipio Holding, BV v. Carlberg*, 128 Nev. 454, 458, 282 P.3d 751, 754 (2012) (citing NRS 14.065(1)). "Due process requires minimum contacts between the defendant and the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (internal quotation marks omitted).

The parties agree that specific, not general, personal jurisdiction is at issue here. A court may exercise specific jurisdiction when the plaintiff demonstrates that (1) the defendant purposefully availed himself of the privilege of acting in Nevada or caused important consequences here, (2) the plaintiff's claims arise from the defendant's activities or conduct in Nevada, and (3) the exercise of jurisdiction is reasonable under the circumstances. *Id.* at 458, 282 P.3d at 755; *see Trump v. Eighth Judicial Dist. Court*, 109 Nev. 687, 693-94, 857 P.2d 740, 744 (1993) (explaining that where a district court holds a full evidentiary hearing before trial, the plaintiff must prove personal jurisdiction by a preponderance of the evidence).

Based on the evidence Pamela presented of Lebow's contacts with Nevada, the district court determined that it had specific personal jurisdiction over Lebow. It found that (1) Lebow's distribution of the couple's funds to Nevada creditors was sufficient to demonstrate purposeful availment, (2) Lebow's financial involvement was sufficiently linked to the divorce proceeding because he handled all of Vassal's financial matters and received Vassal's royalties, and (3) the exercise of jurisdiction was

reasonable considering Lebow's financial involvement and his failure to cooperate during discovery. After a de novo review, we disagree. *See Viega GmbH v. Eighth Judicial Dist. Court*, 130 Nev. 368, 374, 328 P.3d 1152, 1156 (2014) (providing that this court reviews an exercise of personal jurisdiction de novo).

First, we conclude that Pamela did not meet her burden of demonstrating that Lebow availed himself of the benefits of doing business in Nevada. Lebow never resided, worked, or solicited clients in this state. Instead, his long-term California client, Vassal, moved to Nevada and Lebow remitted payments to creditors accordingly. Although Pamela provided a list of Lebow's contacts with Nevada, these contacts derive solely from Lebow's relationship with Vassal. Such contacts are insufficient to establish specific personal jurisdiction. *See Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("[A] defendant's relationship with a plaintiff . . . is an insufficient basis for jurisdiction."); *Hanson v. Denckla*, 357 U.S. 235, 251, 253 (1958) (holding that "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State," and declining to find minimum contacts where "[t]he defendant . . . has no office in [the forum], and transacts no business there").

Second, we conclude that Pamela did not demonstrate that her third-party claims against Lebow arose from Lebow's limited contacts with Nevada. Pamela alleged that Lebow distributed community funds without her knowledge or consent. She does not specifically allege that any of these distributions were the payments Lebow made to Nevada creditors on behalf of the couple's trust, i.e., Lebow's relevant contacts with Nevada. This failure destroys any claim for specific personal jurisdiction here. *Bristol-*

*Myers Squibb v. Superior Ct. of CA*, ___ U.S. ___, ___, 137 S. Ct. 1773, 1780 (2017) ("[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." (internal quotation marks and citation omitted)). Further, a defendant's unrelated contacts with the forum state are not relevant in the context of specific personal jurisdiction. *Walden*, 571 U.S. at 291 ("[T]he mere fact that his conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction."). The district court's reliance on Lebow's involvement in all of Vassal's financial matters was thus misplaced.

We therefore conclude that Pamela failed to demonstrate that the exercise of personal jurisdiction over Lebow comports with due process. Because we conclude that the district court lacks personal jurisdiction over Lebow, joinder under NRCP 19(a) is not feasible. *See Local 670 v. Int'l Union*, 822 F.2d 613, 618 (6th Cir. 1987) (explaining that a party may not be properly joined in the absence of personal jurisdiction). Accordingly, we reverse the district court's order joining Lebow as a third-party defendant, and remand for determination of whether the divorce action should proceed under NRCP 19(b).

*The district court's appointment of a receiver*

A court may appoint a receiver "where it is shown that the property or fund is in danger of being lost, removed or materially injured." NRS 32.010(1); *see also* NRS 32.010(6) (a court may appoint a receiver "[i]n all other cases where receivers have heretofore been appointed by the usages of the courts of equity"); NRS 125.240 (providing that a court may appoint a receiver in a divorce action). "The appointment of a receiver is an action within the trial court's sound discretion and will not be disturbed

SUPREME COURT
OF
NEVADA

(O) 1947A

absent a clear abuse." *Nishon's, Inc. v. Kendigian*, 91 Nev. 504, 505, 538 P.2d 580, 581 (1975).

Here, the district court determined that Lebow had significant control over Vassal's and Pamela's community revenue and funds. It further determined that Lebow did not cooperate with discovery, making it difficult for Pamela to obtain information about community assets. Concerned that community property might be fraudulently lost or removed at Pamela's expense, the district court appointed a receiver to oversee the couple's financial matters and investigate any potential misconduct. We find support for the district court's concerns in the record. Moreover, Vassal and Lebow fail to cite any legal authority or evidence supporting their claim that the appointment of a receiver constituted an abuse of discretion. We therefore defer to the district court's discretion in appointing a receiver. However, we note that because Lebow is not subject to personal jurisdiction, our affirmance of the district court's appointment of a receiver still would not allow the court or the receiver to compel Lebow to take any action that would violate his due process rights.

Accordingly, we REVERSE the district court's order to the extent that it finds specific personal jurisdiction over Lebow and joins him as a third-party defendant in the divorce action, and REMAND for determination of whether the action should proceed under NRCP 19(b).

Further, we AFFIRM the district court's appointment of a receiver.

It is so ORDERED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:  Chief Judge, The Eighth Judicial District Court
     Hon. Gerald W. Hardcastle, Senior Judge
     Hon. Jennifer Elliott, Judge
     Goodman Law Group
     Hofland & Tomsheck
     Eighth District Court Clerk