# IN THE SUPREME COURT OF THE STATE OF NEVADA

BETTY CHAN; AND ASIAN
AMERICAN REALTY & PROPERTY
MANAGEMENT,

        Appellants,

vs.

WAYNE WU; JUDITH SULLIVAN;
NEVADA REAL ESTATE CORP.;
JERRIN CHIU; AND KB HOME SALES-
NEVADA INC.,

        Respondents.

No. 78666

FILED

MAY 14 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
    DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This court previously ordered appellants to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellants have filed a response and respondents have filed a reply.[1]

First, it appeared that the March 22, 2019, order may not be appealable under NRS 38.247(1)(c) as an order confirming an arbitration award because that order does not actually confirm an arbitration award. The order merely states that it affirms the previous confirmation order, entered September 18, 2018. To the extent the March 22, 2019, order can be construed as an order confirming the arbitration award, it appeared superfluous and unappealable. *See Campos-Garcia v. Johnson*, 130 Nev. 610, 331 P.3d 890 (2014).

Appellants seem to assert that the March 22, 2019, order substantively amended the September 18, 2018, order and is thus appealable as an amended judgment. *See* NRAP 4(a)(5). But the March 22,

---

[1]Appellants' motion to strike the reply or for leave to file a sur-reply is denied.

2019, order does not amend the confirmation of the arbitration award. To the extent appellants challenge only the portion of the March 22, 2019, order declaring Wu to be the procuring cause, no statute or court rule allows an appeal from an order declaring someone to be a procuring cause.[2] *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"). And the order is not appealable under NRS 38.247(1)(c) because it does not actually confirm an arbitration award.

Second, it appeared that the March 22, 2019, order may not be appealable pursuant to NRS 38.247(1)(f) as a final judgment entered under NRS 38.206-.248 because appellants' claims against KB Home Sales-Nevada Inc. and respondents' counterclaims remained pending in the district court. Appellants respond that the finality requirements of NRS 38.247(1)(f) are inapplicable because the appeal challenges the confirmation of an arbitration award and pending claims do not defeat jurisdiction. Accordingly, appellants appear to concede that the March 22, 2019, order is not appealable under NRS 38.247(1)(f).[3]

---

[2]It appears appellants may also contend that the March 22, 2019, order is appealable as a special order after final judgment. *See* NRAP 3A(b)(8). However, appellants do not dispute that no final judgment has been entered in this action. In the absence of a final judgment, there can be no special order after final judgment.

[3]This court also identified two other potential jurisdictional defects— it appeared the notice of appeal was improperly filed by appellant Betty Chan, a non-attorney, on behalf of appellant Asian American Realty & Property Management, and the notice of appeal may have been prematurely filed prior to the resolution of a pending tolling motion. Given the conclusion that the March 22, 2019, order is not appealable, these issues are not discussed further.

Appellants also seem to assert that the notice of appeal was timely filed from the September 18, 2018, order confirming arbitration award. That order was not identified in the notice of appeal and it does not appear reasonable to interpret the notice of appeal and the documents filed therewith as challenging that order. *See Abdullah v. State*, 129 Nev. 86, 90–91, 294 P.3d 419, 421 (2013) (stating the general rule that an order not included in the notice of appeal is not considered on appeal but recognizing that an appeal will not be dismissed if an intent to appeal from a judgment "can be reasonably inferred and the respondent is not misled"). However, even if the notice of appeal is construed as a challenge to the September 18, 2018, order, the notice of appeal was untimely filed on April 22, 2019, more than 30 days after service of notice of entry of that order on September 21, 2018. *See* NRAP 4(a)(1) (providing that a notice of appeal must be filed within 30 days after service of notice of entry of the order challenged on appeal); NRS 38.247(2) (providing that appeals from orders confirming an arbitration award are to be taken "as from an order or a judgment in a civil action").

Appellants filed an amended notice of appeal on April 6, 2020, that purports to appeal from the March 22, 2019, order, a March 10, 2020, order, and "[a]ll prior court judgments, orders, rulings, and decisions" previously entered by the district court and that appellants are aggrieved by. To the extent this amended notice of appeal can be construed as an appeal from the September 18, 2018, order, the notice of appeal was untimely filed. The March 22, 2019, order is not independently appealable as discussed above. And the March 10, 2020, order, which grants in part a motion to resolve a pending motion, denies a motion for reconsideration,

denies a motion for summary judgment, and denies a motion to certify a judgment as final under NRCP 54(b), is also not substantively appealable.

Accordingly, it appears that this court lacks jurisdiction and this court

ORDERS this appeal DIMISSED.[4]

_____, J.
Parraguirre

_____, J.      _____, J.
Hardesty                                                Cadish


cc:  Hon. Eric Johnson, District Judge
     James A. Kohl, Settlement Judge
     Frizell Law Firm, PLLC
     Wood, Smith, Henning & Berman, LLP/Las Vegas
     Blackrock Legal, LLC
     Eighth District Court Clerk

---

[4]Respondents' request for attorney fees incurred on appeal is denied.