# IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON MILLER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79159

FILED

OCT 16 2020

ELIZ... ...
CLER... ...
BY... ...
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Appellant Jason Miller argues that trial counsel provided ineffective assistance. The district court denied the petition after conducting an evidentiary hearing.[1] We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To show prejudice to invalidate the decision to enter a guilty

---

[1]Miller incorrectly asserts that the district court did not conduct an evidentiary hearing; the district court held an evidentiary hearing on May 2, 2019. Miller also mistakenly states that he is appealing from the district court's 2016 order denying relief. Because the notice of appeal properly designates the district court's 2019 order, however, we consider Miller's appeal from that order. *Cf.* NRAP 3(c)(1)(B); *Abdullah v. State*, 129 Nev. 86, 90-91, 294 P.3d 419, 421 (2013).

20-37996

plea, a petitioner must demonstrate that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Miller first argues that trial counsel should have provided records regarding his mental health history and a report from the defense medical expert to the trial court. He argues that he would not have been found competent to stand trial had those records been provided. Counsel testified at the evidentiary hearing that the defense expert found Miller competent after reviewing the mental health history records. Further, Miller did not provide the records and thus does not show that they support his contention. Accordingly, Miller did not show deficient performance or prejudice. The district court therefore did not err in denying this claim.

Miller next argues that trial counsel coerced him into pleading guilty by informing him that he could not use his mental health records at trial. Counsel testified that he explained the guilty plea agreement carefully in light of Miller's mental health issues and denied Miller's claim that the medical records would be unavailable in a trial. Miller further assented in the plea agreement that he entered the agreement voluntarily

(O) 1947A

and without duress or coercion. *See Molina v. State*, 120 Nev. 185, 191, 87 P.3d 533, 537-38 (2004) ("A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently." (internal quotation marks omitted)). Moreover, Miller has not shown that he would have insisted on going to trial, in light of the overwhelming evidence of his guilt and his incentive to plead guilty to avoid the risk of the death penalty. *See Lee v. United States*, 137 S. Ct. 1958, 1966 (2017) (recognizing that the prejudice prong in a habeas petition involving a guilty plea considers that defendants "weigh their prospects at trial"). Accordingly, Miller did not show deficient performance or prejudice. The district court therefore did not err in denying this claim.

Miller next argues that trial counsel should have argued for a shorter term for his sentence for the use of a deadly weapon.[2] Miller's plea agreement stipulated to a term of life without the possibility of parole for his conviction for first-degree murder and stated the sentencing range, without stipulating to a term, for the deadly weapon enhancement. Counsel did not argue the deadly-weapon enhancement sentence, and the trial court imposed a consecutive sentence for the deadly weapon of 1 to 20 years. Miller does not proffer any specific argument that counsel should have

---

[2]To the extent that Miller argues that he was denied counsel at a critical stage because trial counsel did not make a sentencing argument, appellant's claim is belied by the record as he was represented at sentencing and thus was not without counsel. *See Bell v. Cone*, 585 U.S. 685, 695-98 (2002) (discussing denial of the right to counsel at a critical stage and distinguishing representation at a critical stage from "entirely fail[ing] to subject the prosecution's case to meaningful adversarial testing," which does not encompass omissions at specific points, such as failing to produce mitigating evidence and waiving closing argument at sentencing).

raised and thus has not shown that any omitted argument would have led to a reasonable possibility of a different outcome. While the district court erred in finding that the parties had stipulated to the length of the deadly-weapon sentence, it nevertheless reached the correct outcome in denying this claim. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

Lastly, Miller argues cumulative error. Even assuming that multiple deficiencies in counsel's performance may be cumulated to demonstrate prejudice in a postconviction context, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Miller has not demonstrated multiple instances of deficient performance to cumulate.

Having considered Miller's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Stiglich

cc:  Hon. Michelle Leavitt, District Judge
     Law Office of Betsy Allen
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk